UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HAURLTZ DERISMA, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK,

                        Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 25-cv-1576

Jury Trial Demanded

HAURLTZ DERISMA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., and RACHEL SCHULMAN, ESQ. PLLC, as and for his Complaint against THE CITY OF NEW YORK ("Defendant," "City," or sometimes both together), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon Defendant's willful violations of Plaintiff's rights guaranteed to him by the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), which along with its accompanying regulations, require both the full and timely payment of overtime compensation to employees for all hours worked over forty in a week, as well as any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked at the New York City Department of Corrections ("DOC"), a mayoral agency of Defendant City, as a corrections officer on Rikers Island, specifically at the

Otis Bantum Correctional Center ("OBCC") located in East Elmhurst, New York, and the Anna M. Kross Center ("AMKC") located in Flushing, New York, from August 2015 until January 2024.

3. As described below, for at least the three-year period pre-dating the commencement of this action through September 2023 ("the Relevant Period"), Defendant willfully failed to pay Plaintiff all overtime wages lawfully due to him under the FLSA, either in full or in a timely manner. Specifically, throughout the Relevant Period, in addition to Plaintiff's regular schedule of thirty-two hours per week, Defendant required Plaintiff to work additional unscheduled back-to-back shifts, ranging from sixteen to twenty-three hours each, for a total of approximately eighty-eight hours of work in a week. Moreover, frequently, after Plaintiff's shifts ended, on those instances when an inmate was unaccounted for, Defendant required Plaintiff to remain on Rikers Island until the missing inmate was accounted for. However, Defendant did not pay Plaintiff for many of the unscheduled hours of his back-to-back shifts that were all over forty in a workweek, and never paid him for the time when he was required to remain on Rikers Island after his shifts concluded. Defendant did not pay Plaintiff for either category of these hours at any rate of pay, much less at the rate of one and one-half times his regular rate.

4. In further violation of the FLSA, for the unscheduled overtime hours for which Defendant did pay Plaintiff, Defendant not pay Plaintiff for those hours in a timely manner, *i.e.*, at the end of each pay period, paying him usually two or three pay cycles later instead.

5. Defendant paid and treated all of its corrections officers, captains, and/or assistant deputy wardens, in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period,

as further defined below, who have suffered damages as a result of Defendant's violations of the FLSA.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, as one of the facilities at which Plaintiff worked, AMKC, is located in Queens.

## PARTIES

9. At all times during the Relevant Period, Plaintiff was Defendant's "employee" entitled to protection as defined by the FLSA.

10. At all times during the Relevant Period, Defendant City was and is a municipal corporation duly organized and existing under the laws of the State of New York, which oversees the DOC and its various facilities across New York City.

11. At all times during the Relevant Period, Defendant, as a city government agency and a political subdivision of the State of New York, and therefore a public agency, was and is an "employer" within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendant who worked as corrections officers, captains, and/or assistant deputy wardens, who

during the applicable FLSA limitations period: performed any work for Defendant at Rikers Island; give consent to file a claim to recover unpaid and/or late paid overtime compensation and/or liquidated damages that are legally due to them; and did not previously release all of their FLSA claims accrued through the date of commencement of this action by opting-in to the case captioned *Malcolm v. The City of New York*, Docket No. 20-cv-09641 (S.D.N.Y.).

13. Defendant treated Plaintiff and FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs have: (1) performed similar tasks, as described in the "Background Facts" section below; (2) been subject to the same laws and regulations; (3) been paid in the same or similar manner; (4) been required to work in excess of forty hours in a workweek; (5) not been paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty; and (6) not been paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty in a timely manner.

14. At all times applicable to the FLSA, Defendant is and has been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs, in a timely manner, at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully has chosen and continues to choose not to do so. Specifically, Defendant has been previously sued for committing similar violations of the overtime provisions of the FLSA as alleged herein, most notably in the *Malcolm* matter, during which it undoubtedly became familiar with the allegations that its corrections officers, captains, and assistant deputy wardens were making with respect to the FLSA's overtime requirements. Yet despite learning about these specific issues, Defendant continued to violate the FLSA as detailed herein, including with respect to individuals who released their FLSA claims in *Malcolm* through

the effective date of that release, but continued to work for Defendant thereafter without receiving full and timely overtime pay.

15. Additionally, Plaintiff complained weekly to various supervisors about Defendant not paying him his full overtime compensation in a timely manner, in accordance with the law, but Plaintiff's supervisors consistently told Plaintiff there was nothing that they could do.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay their employees full and timely overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. The City is a municipal corporation that oversees the DOC and its various facilities across New York City.

18. Rikers Island is a New York City jail complex operated by the DOC. It consists of ten jails that hold inmates who are awaiting trial, serving sentences of one year or less, or temporarily waiting for their transfer to another facility.

19. From in or around August 2015 until the fall of 2022, Plaintiff worked for Defendant as a corrections officer at the OBCC, from then until July 2023, Plaintiff was reassigned to the AMKC, and thereafter, until September 2023, he was reassigned back to the OBCC. Plaintiff did not perform work for Defendant after September 2023, although he remained an employee until January 2024.

20. In that role, Plaintiff's primary duties included caring for, monitoring, and supervising inmates, and occasionally preparing inmates' discharge, bail, and release paperwork.

21. Throughout the Relevant Period, Plaintiff's regular schedule was an alternating one over the course of each six-day period, consisting of four days of shifts from 3:00 p.m. until 11:00 p.m., followed by two consecutive days off.

22. But throughout the Relevant Period, in addition to his regularly scheduled shifts, as a result of Defendant being short staffed and not having another corrections officer available to relieve Plaintiff at the end of his shifts, Defendant also required Plaintiff to work, and Plaintiff regularly worked, shifts that spanned across all seven days per week, and on only one day per week was he afforded a maximum rest time of approximately eighteen hours in between shifts.

23. More specifically, although Plaintiff's schedule was an alternating one, Defendant scheduled and required Plaintiff to work, and Plaintiff did work, the first four workdays, from 3:00 p.m. until 11:00 p.m., without any scheduled or uninterrupted breaks. Then from the fourth day into the fifth day, because there was no coverage to relieve Plaintiff from his regularly scheduled shift, Plaintiff was required to work the next two consecutive shifts, without any scheduled or interrupted breaks, from 11:00 p.m. until 7:00 a.m. and 7:00 a.m. until 3:00 p.m. Then from the fifth day into the sixth day, with still no one to relieve Plaintiff from his shifts, Plaintiff would work the next three shifts, without any scheduled or uninterrupted breaks, from 9:00 p.m. until 5:00 a.m., 5:00 a.m. until 1:00 p.m., and 1:00 p.m. until 5:00 pm. Finally, from the sixth day into the seventh day, Plaintiff again had to work the next three shifts, without any scheduled or uninterrupted breaks, from 10:00 p.m. until 6:00 a.m., 6:00 a.m. until 2:00 p.m., and 2:00 p.m. until 9:00 pm. Thus, throughout the Relevant Period, Plaintiff generally worked eighty-eight hours per week.

24. Moreover, on instances when an inmate went missing, Defendant required Plaintiff and other FLSA Plaintiffs on duty to remain on Rikers Island until that inmate was found. One

6

such example of this occurred in or around August 2022, when following the end of a sixteen-hour shift, a sergeant on Plaintiff's shift discovered that an inmate went missing during a routine count, and Defendant forced Plaintiff and another corrections officers to remain on Rikers Island for an additional five hours before the inmate was located. Defendant did not pay Plaintiff or his colleague for those hours.

25. Throughout the Relevant Period, Defendant paid Plaintiff, on a weekly basis, at the regular hourly rate of $51.68 and at the overtime rate of $77.52.

26. However, Defendant only paid Plaintiff for between twenty-to-thirty of the approximate forty-eight hours of overtime that he worked each week, and thus Defendant failed to pay Plaintiff at any rate, let alone at the rate of one and one-half times his regular rate of pay, for all of the hours that he worked each workweek above forty.

27. Additionally, Defendant failed to pay Plaintiff at all for the time when he was not permitted to leave Rikers Island after his shift ended but an inmate was missing.

28. Lastly, for the unscheduled overtime hours for which Defendant did actually pay Plaintiff, Defendant failed to do so in a timely manner, *i.e.*, at the end of each pay period in which the workweek ended, paying him for those hours between two to three pay periods later.

29. Defendant treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

30. Defendant acted in this manner to minimize its labor costs and overhead.

31. Each hour that Plaintiff and FLSA Plaintiffs have worked has been for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the FLSA*

32. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

34. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

36. Defendant willfully violated the FLSA.

37. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Late Paid Overtime Under the FLSA*

39. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. 29 C.F.R § 778.106 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek on the regular payday for the period in which such workweek ends.

41. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

42. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the C.F.R.'s time of pay provisions.

43. Defendant willfully violated the FLSA.

44. Plaintiff and FLSA Plaintiffs are entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's timely payment requirements.

## DEMAND FOR A JURY TRIAL

45. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

      f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA;

      g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, and an award of a service payment to Plaintiff;

      h.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i.      Interest, to the extent permitted by law; and

j.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       March 21, 2025

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
ALEXANDER T. COLEMAN, ESQ. (AC 8151)
MICHAEL J. BORRELLI, ESQ. (MB 8533)

RACHEL SCHULMAN, ESQ. PLLC
10 Bond Street # 143
Great Neck, New York 11021
(917) 270-7132
rachel@schulmanpllc.com

By: _____
RACHEL SCHULMAN, ESQ.

*Attorneys for Plaintiff*

11